IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARNEST SCOTT, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 1:24-cv-293 |
| | ) Judge Stephanie L. Haines |
| DR. LAUREL R. HARRY et al., | ) Magistrate Judge Keith A. Pesto |
| | ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

On October 22, 2024, *pro se* Plaintiff Earnest Scott, Jr. ("Plaintiff") filed a Complaint in Civil Action under 42 U.S.C. § 1983 (ECF No. 1). When filing his Complaint, he did not submit the filing fee or request to proceed in forma pauperis ("IFP"). This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Judge Pesto administratively closed the case (ECF No. 2) because Plaintiff failed to pay the filing fee. Judge Pesto stated that under the Prison Litigation Reform Act's ('PLRA") three strikes provision, 28 U.S.C. §1915(g),[1] Plaintiff had accumulated three strikes and must either pay the filing fee or show that he was "under imminent danger of serious physical injury" when he filed the complaint to have the Court accept his filing without payment. ECF No. 2, p. 1; ECF No. 4, p. 2.

---

[1] In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915 (West).

On November 4, 2024, Plaintiff filed a Motion for Order to Show Cause (ECF No. 3), asserting he was in imminent danger of serious injury and asked the Court to proceed with the case and serve defendants with the Complaint. In Plaintiff's "Show Cause Motion" he restated the events alleged in the Complaint (ECF No. 1). In summary, Plaintiff claimed on one occasion he was denied insulin for his diabetes and fainted. He does not allege ongoing medical mismanagement of his diabetic condition. He made allegations of either one-time excessive force or made other vague unsupported claims of excessive force.

Judge Pesto issued a Report and Recommendation (ECF No. 4) on November 12, 2024, recommending Plaintiff's Complaint be dismissed for failure to prosecute because Plaintiff had not paid the filling fee. Judge Pesto again stated Plaintiff is a three-strike litigant under the PLRA and found that Plaintiff had not made a proper showing of imminent danger. ECF No. 4, p. 3. Judge Pesto did not find that any of Plaintiff's assertions supported a claim of serious physical injury putting Plaintiff in imminent danger. Judge Pesto provided Plaintiff with fourteen days to object to the Report and Recommendation. ECF No. 4, p. 4. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.

Plaintiff filed Objections on November 21, 2025 (ECF No. 5), but later moved to Withdraw the Objections (ECF No. 8), which the Court will grant and dispose of an evaluation of the Objections. In the interim, Plaintiff filed a Motion for Leave to Proceed Informa Pauperis (ECF No. 6). On February 13, 2025, Plaintiff filed a second Order to Show Cause (ECF No. 9) to prove his imminent danger of serious physical injury.

A. **Standard of Review**

A complaint in civil action must be promptly screened and is subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

to relief in the district court." *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also id.* at Rule 1(b) (applying to Section 2241 petitions). Rule 4 also states that a judge must order the respondent to file an answer only "[i]f the petition is not dismissed...." *Id.* "The language of the rule thus makes clear: where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer." *Santiago Rosario v. Philadelphia Cnty.*, No. CV 19-6017, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020), *report and recommendation adopted sub nom. Rosario v. Philadelphia Cnty.*, No. 19-CV-6017, 2021 WL 765781 (E.D. Pa. Feb. 26, 2021) (citing *Pritchard v. Wetzel*, No. 13-5406, 2014 WL 199907, at *2 (E.D. Pa. Jan. 16, 2014); *Smallwood v. Meisel*, No. 13-3989, 2013 WL 6153238, at *2 (E.D. Pa. Oct. 16, 2013), *report and recommendation adopted*, No. 13-3989, 2013 WL 6145123 (E.D. Pa. Nov. 21, 2013)).

**B.     Discussion**

As stated above, Judge Pesto screened Plaintiff's Complaint and recommended dismissal of this case for failure to prosecute because Plaintiff has failed to pay the filing fee. Judge Pesto finds that Plaintiff has not supported the alternative claim that he is in imminent danger of serious physical injury. This Court agrees with Judge Pesto's findings. Indeed, Plaintiff presented various factual scenarios where he claims he is being mistreated by the guards and in one incident he was denied insulin and put into a "dry cell" without water causing him to faint. Even if Plaintiff's assertions provided a "pattern" of mistreatment, which is questionable, the mistreatment asserted does not put Plaintiff in imminent danger. As to the denial of insulin, while potentially serious, Plaintiff has failed to assert a pattern of mismanagement of his diabetes. Plaintiff's most recent "Show Cause Motion" (ECF No. 9) presents evidence that corrections defendants denied Plaintiff his midday insulin dose one time. ECF No. 9, p 1; Exhibit A. Even as a proven fact, a one-time

denial of insulin does not support the standard required to proceed with the case without a filing fee.

Upon review of the record, the Report and Recommendation (ECF No. 4), both of Plaintiff's Motions for Order to Show Cause (ECF Nos. 3, 9) and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined Petitioner has failed to prosecute his case by failing to pay the filing fee.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 7th day of March, 2025, IT IS ORDERED that Plaintiff's Motions for Order to Show Cause (ECF Nos. 3, 9) are DENIED; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Proceed in forma pauperis (ECF No. 6) is DENIED; and

IT IS FURTHER ORDERED that Plaintiff's Motion to Withdraw Objections (ECF No. 8) is GRANTED; and

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 4) is adopted as the Court Court's Opinion; and

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED without prejudice. Plaintiff may submit the appropriate filing fee within 30 days of the date of this Order. If Plaintiff fails to remit the filing fee the case will be dismissed with prejudice and closed.

*Stephanie L. Haines*
United States District Judge